UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALICIA MEZA                              CIVIL ACTION

VERSUS                                   NO.  10-2623

BEST WESTERN INTERNATIONAL,              SECTION  "N"  (5)
INC., et al.


## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand (Rec. Doc.
6).  This motion is opposed by Defendants. (See Rec. Docs. 11,
12). After considering the memoranda of the parties and the
applicable law, the Court grants this motion.

**I.   BACKGROUND**

Plaintiff Alicia Meza filed suit in the Civil District Court
for the Parish of Orleans, claiming that she was bitten by "bed
bugs, mites and other varments" while staying at a Best Western
hotel in New Orleans.  (Petition, ¶¶ 3-4). She claims to have
incurred medical expenses, travel expenses, loss of personal
possessions, and cleaning and fumigation costs as a result of the
incident. She also claims to have suffered lost wages, mental
anguish, and pain and suffering. (Petition, ¶7).

Thereafter, Ecolab, Inc. ("Ecolab") removed the case to this

Court claiming diversity jurisdiction.[1]

## II.   ARGUMENTS OF THE PARTIES

While Plaintiff did not plead a specific amount of damages in her state court petitions, she alleges that Ecolab did not prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.

In Ecolab's Notice of Removal, it claims that the itemized damages listed in Plaintiff's Petition raise the amount in controversy over $75,000.[2] In Ecolab's opposition to the instant motion to remand, it further notes that Plaintiff's counsel refused to sign a stipulation reflecting that damages are less than $75,000. (Exhibit B to Rec. Doc. 11).

## III. LAW AND ANALYSIS

### A.   Legal Standard

A defendant may generally remove a civil action filed in

---

[1]   While the vast majority of the instant motion focuses on whether the required amount in controversy is met (and the Court ultimately grants this motion finding that Defendants have failed in their burden in this regard), the Court notes that in the "Conclusion" to Plaintiff's Motion to Remand (Rec. Doc. 6, p. 5 of 6), Plaintiff asserts:

> The case at bar is a Louisiana class action brought by Louisiana plaintiffs under Louisiana law against defendants which include a Louisiana corporation. These [sic] non-diverse defendant makes diversity jurisdiction unavailable.

Defendants do not address this argument at all; instead, they focus only on whether the requisite amount in controversy is met.

[2]   These damages include (1) past, present, and future medical expenses; (2) past, present, and future lost wages; (3) pain and suffering; (4) emotional stress and strain; (5) mental anguish; (6) cost of luggage, clothing and personal belongings; and (7) fumigation of her residence. (Petition, ¶7).

state court if the federal court has original jurisdiction over the action. See 28 U.S.C. § 1441(a). Statutes conferring removal jurisdiction are strictly construed. See *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995).

**B.   Analysis**

Where a plaintiff's Petition does not allege a specific amount of damages, the burden is on the removing defendant to establish by a preponderance of the evidence that the jurisdictional amount exists. *Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638-39 (5th Cir.2003). A defendant may establish this in one of two ways: "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth the facts in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount." *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5 Cir.1999) (internal quotations omitted).

In Plaintiff's state court petitions, she does not allege the specific monetary amount she is seeking, as Louisiana law does not permit her to plead a specific amount of money damages.

3

Although Plaintiff states in her motion that her "damages are less than the sum of $75,000" (Rec. Doc. 6, p. 1), she refused to stipulate to this prior to removal.  (See Exhibit B to Rec. Doc. 11).  Plaintiff now asserts that Ecolab has failed to prove by a preponderance of the evidence that her claims are worth more than $75,000.

The Court notes that while Ecolab has pointed out the wide-ranging nature of Plaintiff's claims, it has not provided any evidence or acceptable support as to the possible amount/cost of the claimed damages.  Although Plaintiff claims a variety of damages based on the alleged bed bug incident, it is not facially apparent that her claims are for more than $75,000. As this Court is a Court of limited jurisdiction, it cannot just assume that Plaintiff's alleged damages are worth more than $75,000, especially when no estimates of the damages are provided. Ecolab's removal papers fail to satisfy the requirement that it set forth facts in controversy that support a finding of the requisite amount. Ecolab's assertions (including the assertion that Plaintiff has refused to execute a binding stipulation)[3] do not show that it is more likely than not that the amount in

---

[3]     As for Plaintiff's counsel's refusal to stipulate that Plaintiff's damages were less than $75,000, a failure to stipulate is only one factor to consider in determining whether a defendant has met its burden, and it alone will not defeat a Plaintiff's motion to remand. *Carbajal v. Caskids Oil Operating Co.*, 2006 WL 1030392, *3 (E.D.La. Apr., 18, 2006) (citing *McBride v. Wal-Mart Stores, Inc.,* 1999 WL 76427, at *2 (E.D.La. Feb. 5, 1999)). Here, the Court nonetheless concludes that it is not "facially apparent" from the petitions that the $75,000 amount in controversy requirement is met.

controversy exceeds $75,000, the jurisdictional requisite of federal diversity jurisdiction.

Thus, based on the evidence before the Court at this time, the Court finds that Ecolab has failed to meet its burden and that Plaintiff's motion to remand should be granted.

## IV.   CONCLUSION

**IT IS ORDERED** that  **Plaintiff's Motion to Remand (Rec. Doc. 6)** should be and is hereby **GRANTED**. Thus, this case is remanded to the state court from which it was removed.

New Orleans, Louisiana, this 8th day of December, 2010.

KURT D. ENGELHARDT
United States District Judge